Thomas Winslow *vs.* George H. Gifford & others.

An act of the legislature, authorizing commissioners to enter upon the lands of individuals, to ascertain certain boundaries for public purposes, without making compensation to the owners, is not unconstitutional, as appropriating private property to public uses without compensation.

The legislature having authorized a town to make by-laws for the regulation of the public landing-places therein, and required them, as soon as practicable, to ascertain the true boundaries of such landing-places; it was held, that commissioners, duly appointed by the town to ascertain such boundaries, might enter upon the land of an individual, for that purpose, without being guilty of a trespass, provided the entry was reasonably necessary, not too long continued, and accompanied with no unnecessary damage.

This was an action of trespass for entering the plaintiff's close in Westport, tried before *Hoar*, J., in the court of common pleas.

It was in evidence, for the plaintiff, that the defendants entered upon the plaintiff's close, described in the writ, for the purpose of surveying and ascertaining the bounds of a public landing-place in Westport, having been forbidden so to enter by the plaintiff, and that they did no damage except to pass over the land for the purpose of running a line.

The legislature, by an act passed on the 21st of April, 1848,

(*St.* 1848, *c.* 171,) for the regulation of the public and town landing-places in the town of Westport, authorized the inhabitants to make such by-laws, and to adopt such rules and regulations, for that purpose, not inconsistent with the laws of the commonwealth, as they should deem proper to carry the provisions of the act into effect; and required them, as far as practicable, to ascertain the true boundaries of such landings, and to erect and keep up suitable monuments to designate the same.

The defendants justified the supposed trespass, as commissioners, duly appointed by the town of Westport, and a surveyor employed by them, under the statute above mentioned, and the by-laws of the town, to ascertain and establish the boundaries of the said landing-places.

The presiding judge, being requested by the plaintiff to instruct the jury, that the act of the legislature conferred no authority upon the defendants to enter his close, declined so to instruct the jury, but instructed them as follows : — " That if it were necessary, in order to ascertain the boundaries of the public landing in question, to pass over the adjoining land of the plaintiff, the defendants, acting in good faith as commissioners for that purpose, under the authority of law, would be justified in thus passing over the land and running the line : That if the boundaries of the landing could be ascertained with sufficient accuracy for practical purposes, by means accessible to and known by men of ordinary skill, without going upon the land, the necessity would not exist, although it might be shown, that more perfect mathematical accuracy could be attained by going upon the plaintiff's land : But that, on the other hand, the necessity which would justify the entry was not a strict physical necessity; that although means of running the line and ascertaining the bounds, without going upon the land, might exist, which were practicable by methods and instruments known to eminent mathematicians and engineers, yet, if the survey could not be made, and the bounds fixed with sufficient accuracy for practical purposes, by other modes within the knowledge of men of ordinary skill as surveyors, and an entry upon the plaintiff's land would be the appropriate

and obvious mode of effecting that object, the necessity for the entry would be created."

The jury returned a verdict for the defendants; and the plaintiff thereupon alleged exceptions.

*T. G. Coffin* and *C. I. Reed,* for the plaintiff.

*N. Morton,* for the defendants.

DEWEY, J.　The entry of the defendants is justified under the authority alleged to have been conferred upon them by virtue of the statute of 1848, *c.* 171, entitled "An act for the regulation of public and town landings in the town of Westport."

If this act is constitutional, and if it confers the power to enter upon the land of individuals to make surveys and establish boundaries, then the defence is maintained; inasmuch as there was no unnecessary damage done in making such entry, and the jury have found that this was a suitable and appropriate mode of effecting the object authorized by the statute.

The real question here raised seems to be, whether this statute is not in violation of a fundamental principle of the constitution, inserted in the bill of rights, article 10th, that "whenever the public exigencies require that the property of an individual should be appropriated to public uses, he shall receive a reasonable compensation therefor." The principle, thus declared, is to be scrupulously regarded, and whenever an appropriation of private property is made by the legislature, disregarding this great principle, the court may properly be called upon to declare such statute unconstitutional.

But the difficulty that meets the plaintiff at the threshold, in the present case, is, that here there is no appropriation of the property of an individual to public uses.　The statute is not one in which the legislature are exercising their right of eminent domain, as in taking land of individuals for canals, turnpikes, or railroads.　In such cases, the real estate of the party is permanently subjected to a servitude, and he is substantially deprived of the use and enjoyment of the same.

But the present case is only an exercise of the sovereign power of the state, in prescribing means adapted to secure the

28 *

public peace, and the free enjoyment, by the citizens of Westport, of the privileges connected with the public landings therein, by prescribing the administrative power that shall regulate and control them, and define their boundaries, and the rights of the public therein. In effecting such an object, there may be, and often is, a brief, and as it were, momentary interference with the absolute right of the owner of real estate.

This exercise of power, in its various forms, is one of every day's occurrence; indeed, so common, as to be acquiesced in without remonstrance, or even a question as to the right so to do. Take the ordinary case of an officer required to arrest an individual on civil or criminal process, where the party to be arrested is found to be on the lands of his neighbor, and the officer enters upon such land to make the arrest. Is the sheriff guilty of trespass? Why not? The land of an individual has been entered upon without compensation. Take another class of cases, that of the selectmen of towns perambulating the lines of their towns and the adjacent towns, agreeably to the provisions of the statute, requiring the lines to be run and the marks to be renewed once in every five years. So, also, the case of legislative committees sent out to explore and report upon the expediency of a proposed railroad or canal; or of county commissioners called out to view and adjudicate upon a petition for a new highway, passing over land of individuals, not finally taken as a part of the highway; or, in a case, as it may be, in which, after minute examination and survey, the petition for a new highway is wholly rejected. In all these cases, the right to enter upon the lands of individuals, without making compensation therefor, has always been exercised, and no doubt has been entertained of their right as public servants, in the discharge of public duties, thus to pass over the lands of individuals, so far as may be necessary to discharge properly such duty as is required in the cases supposed. There must be, in all such cases, the limitation that the entry is reasonably necessary, and that it is but a temporary one, and accompanied with no unnecessary damage.

In the present case, the instructions to the jury were sufficiently guarded in this respect.      *Exceptions overruled.*